## William Skakel

### v.

### John A. Roche et al.

*Injunctions—Criminal Prosecutions—Saloon—Ordinances.*

1. Courts of chancery have no jurisdiction to enjoin criminal or *quasi* criminal prosecutions.

2. This court affirms a decree dismissing a bill to restrain the mayor and chief of police of the city of Chicago from interfering with the complainant in conducting a saloon, and from prosecuting him under ordinances which he alleges to be void.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon HENRY M. SHEPARD, Judge, presiding.

Messrs. EDGAR TERHUNE and A. B. JENKS, for appellant.

The ordinance in question is void. The legislature has, by express terms, delegated to the city council, and the city council alone, the right to license, regulate and prohibit the liquor traffic. Nowhere in said enactment can anything be found which confers any power in the premises upon the mayor. The language of the act is unambiguous, and the most liberal construction of which that language is susceptible will not permit of any conclusion inconsistent with an expressed power in the city council.

It has been determined by almost every court of final resort in the United States, that the legislature can delegate its constitutional powers to license, regulate and prohibit the liquor traffic to whatsoever depository it may, in its wisdom, see fit to select. But it has always been held that the depository elected by the legislature, and that alone, can act.

The record in this case by a practical illustration proves, to the certainty of a mathematical demonstration, that to allow the depository chosen by the legislature (the city council) to delegate to the mayor of the city the power to grant licenses to such persons as he may in his discretion deem proper, and to refuse licenses in his discretion, must be a departure from the fundamental principles of law.

To say that the city council has not abdicated and surrendered its power to the mayor, were idle. There is a clear delegation. The city council can no more so do under the pretense of giving the mayor power to inquire into character, etc., of applicants, than it can do so by a general ordinance wherein it boldly states its intention to abdicate. It can not accom-

Skakel v. Roche.

plish by indirect means, what the law will not countenance. Zanone v. Mound City, 103 Ill. 557.

Without further comment we submit the following authorities on this branch of the case: Cooley's Const. Lim. Sec. 204, notes 1 and 2; Dillon on Municipal Corp., Secs. 60 and 96; City of East St. Louis v. Wehrung, 50 Ill. 28; City of East St. Louis v. Wehrung, 46 Ill. 392; Kinmundy v. Mahan, 72 Ill. 462 ; Foss v. Chicago, 56 Ill. 354; In re Wilson, 32 Minn. 145; Cooley's Const. Lim. 197; Zanone v. Mound City, 11 Ill. App. 334; State v. Fisk, 9 R. I. 94; Thompson v. Schermerhorn, 6 N. Y. 92; Ruggles v. Collier, 43 Mo. 353; Hyde v. Joyce, 4 Bush. 464; Lyon v. Jerome, 26 Wend. 485; State v. Patterson, 34 N. J. 168; Davis v. Reed, 65 N. Y. 566; Thompson v. Boonville, 61 Mo. 282; Clark v. Washington, 12 Wheat. 40, 54; Day v. Green, 4 Cush. 433, 1849; Coffin v. Nantucket, 5 Cush. 269; White v. Nashville, 2 Swan, 364.

It is well settled that equity will not interpose to prevent criminal prosecution on the sole ground that the individual is innocent and unjustly persecuted, or because he is being prosecuted under void and unconstitutional ordinances or legislative enactments. He has his remedy at law, and courts of chancery can not be compelled to assume jurisdiction. But where from the face of the record the element of "irreparable injury" appears, a different rule applies. In such cases equity will protect the unfortunate. There is always a remedy somewhere. If it does not exist at law then it must be in equity, and if it be shown that the remedy at law is not complete and adequate, and does not completely and adequately protect the complainant in his life, his liberty or his property, then equity will take jurisdiction.

That in the case at bar the court may interpose by injunction, see Wood v. City of Brooklyn, 14 Barb. 425 ; Third Ave. R. R. v. Mayor, etc., of N. Y., 54 N. Y. 159; Gartside v. City of E. St. Louis, 43 Ill. 47 ; Butler's Appeal, 73 Pa. St. 448 ; Mayor of Baltimore v. Radecke, 49 Md. 217; Page's Case, 34 Md. 564 ; Mayor of New York v. Pilkington, 2 Atk. 302 ; Frewin v. Lewis, 4 Mylne & Craig, 249 ; Wahle v. Rem-

back, 76 Ill. 322 ; Met. City Ry. Co. v. Chicago, 96 Ill. 620 ; Goodell v. Lassen, 69 Ill. 145; Cited by Butler's Appeal, 73 Pa. St. ; Philadelphia Ass'n v. Wood, 3 Wright, 73 ; Owens v. Gross, 105 Ill. 354.

Messrs. CLARENCE A. KNIGHT and JOHN W. GREEN, for appellee.

*Per Curiam.*   Appellant filed his bill in the court below, praying for an injunction to restrain the mayor and chief of police from interfering with him in conducting a saloon, and from criminally prosecuting him under ordinances which he alleges to be void, and from prosecuting more than one of the suits commenced against him and pending until the further order of the court.

The court denied appellant's motion for an injunction, and it was stipulated by the parties that the hearing of the motion should be considered the final hearing of the cause, and therefore the court entered an order dismissing complainant's bill for want of equity.

Appellant had no license for the sale of liquor, and because he persisted in selling intoxicating liquors without such license, he was repeatedly arrested by the police and subjected to fine by the police magistrate.

The general rule is well settled, and has been repeatedly announced in this State, that a court of equity will not entertain a bill to restrain prosecutions under a municipal ordinance on the ground of the alleged illegality of such ordinance.   The validity of an ordinance of the character involved here can only be tested by appeal from a fine imposed under it.   Courts of chancery have no jurisdiction to enjoin criminal or *quasi* criminal prosecutions.   Counsel for appellant admit this general rule, but contend that there are exceptions to it, and insist most earnestly that the facts charged in the bill take this case out of such rule and entitle appellant to relief sought.   We have carefully examined the facts as shown by the record, and have considered the authorities cited by counsel in support of their contention, and we are of opinion that no case has been

made out which gives appellant a standing in a court of equity. We can not afford the time which would necessarily be taken to discuss fully the cases cited by counsel, and to distinguish those on which they rely from the case here presented.

We must content ourselves with saying that the judgment of the Circuit Court must be affirmed.

*Decree affirmed.*